## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMY FORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 3:20-CV-1315-JPG |
| ) | |
| **BECTON, DICKINSON AND** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

### I.    Introduction

This matter comes before the Court on Plaintiff Amy Ford's ("Plaintiff" or "Ford") Motion for Leave to File Amended Complaint (Doc. 82). Defendant Becton, Dickinson, and Company ("Defendant" or "Becton") responded at Doc. 88. Plaintiff filed a reply at Doc. 89.

### II.    Background

This is a disability discrimination matter filed by Plaintiff Ford, filed against her employer Becton. On December 8, 2020, Ford filed her complaint against Becton, indicating that she has an "undetermined autoimmune disorder and/or immune deficiency." (Doc. 1 at ¶ 23). Plaintiff alleges that her condition "substantially limited one or more major life activities, including but not limited to breathing, concentrating, working, walking, sleeping, and driving." *Id*. at ¶ 24. Plaintiff also alleged her son has a health condition that impairs his ability to perform major life activities. *Id*. at ¶ 25.

Plaintiff filed her Motion for Leave to File Amended Complaint on June 2, 2022. Per the Joint Report of the Parties (Doc. 81), discovery was to be completed by June 8, 2022.

1

Plaintiff now seeks to amend her complaint to state she is disabled because she has recurrent infections, chronic fatigue, bodily pain, and because her son suffers from fatigue, dizziness, blurred vision, and frequent infections. (Doc. 82 at ¶¶ 23-28). Specifically, Plaintiff states she was "diagnosed with an immune deficiency called specific antibody deficiency, or selective antibody deficiency." *Id*. at ¶ 26.

### III.    Law and Analysis

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "There is a presumption that a plaintiff should have an opportunity to test a claim on the merits," *Lee v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019), so "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

There is "[g]ood cause" to file an amended complaint "when it is reasonable that new claims are only recognized after filing an initial complaint." *Luckett v. Conlan*, 561 F.Supp.2d 970, 976 (N.D.Ill. 2008). Leave to amend should be freely given " '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.' " *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Ultimately, " '[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion

of the district court.' " *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir.2002)).

Defendant argues that the Court should deny Plaintiff's Motion for Leave because Plaintiff does not demonstrate good cause under Rule 16 (Doc. 88 at 1-4). Plaintiff's motion states that the amendment conforms to the evidence and the amendments should be allowed (Doc. 82 at ¶ 8). In light of the mandate that this Court freely provide leave to plaintiffs, this Court agrees. The "Federal Rules of Civil Procedure [create a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence." *Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (internal citations omitted). Plaintiff notes that these amendments conform to the multiple depositions of medical providers (Doc. 82 at ¶¶ 4-7). The Court agrees. In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, *see, e.g., Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1024 (7th Cir. 2013), denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015)

Additionally, Defendant argues this Court should deny Plaintiff's Motion for Leave because it would cause undue delay (Doc. 88 at 4), would require new or duplicative discovery efforts by Defendant (Doc. 88 at 6), and would cause undue prejudice to Defendant (Doc. 88 at 8). Specifically, Defendant states Plaintiff provides no explanation "for why she waited more than a year to amend her complaint." *Id*. at 5. In her reply, Plaintiff states there will be no need to depose the medical providers, and the medical records "are already teeming with discussion of Plaintiff's chronic fatigue, bodily pain, recurrent infections, and specific antibody deficiency. Defendant has utilized those records at length as deposition exhibits, and is fully aware of them." (Doc. 89 at 3).

First, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *see also Dubicz v. Commonwealth Edison Co*., 377 F.3d 787, 792 (7th Cir. 2004) ("Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." (citation omitted)). However, " 'the longer the delay, the greater the presumption against granting leave to amend.' " *Soltys*, 520 F.3d at 743 (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994)). "Undue delay is most likely to result in undue prejudice" when a combination of factors—"delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery—occur together." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co*., 265 F.R.D. 341, 347 (N.D.Ind. 2010). The party seeking to amend has the burden of showing that undue prejudice will not result to the non-moving party. *King*, 26 F.3d at 724.

Here, Defendant has already filed a motion to dismiss, where this Court dismissed Counts I and II, namely the hostile work environment claims and disparate treatment claims (Doc. 30). Plaintiff initially filed the complaint on December 8, 2020, and therefore Plaintiff is requesting leave eighteen months after its initial filing. Such a time period, while may cause some prejudice and delay to Defendant, is less time than has been allowed by courts in this circuit in granting leaves for amended complaints. *King*, 26 F.3d at 723–24 (district court did not abuse its discretion in prisoner's § 1983 action by granting defendants' motion to file an amended answer three years after filing their original answer, where the original answer contained inadvertent admissions that defendants did not notice until plaintiff moved for judgment on the pleadings and amendment was not prejudicial to plaintiff). *Cf. Dubicz*, 377 F.3d 787, 792–93 (7th Cir. 2004) (district court abused

4

its discretion by denying, on grounds of undue delay and prejudice, leave to file second amended complaint eight months after original complaint was dismissed without prejudice, where plaintiffs were still within statute of limitations for bringing action, case had never progressed beyond pleading stage, and reasons given for finding of prejudice, i.e., witnesses' fading memories and lost documents, were perfunctory); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (district court did not abuse its discretion in denying plaintiff leave to file a second amended complaint due to alleged discovery of other lawsuits against one of the defendants, where information about those lawsuits was publicly available "long before he sought leave to amend" and the principal lawsuit on which plaintiff relied had been pending for four years before plaintiff filed his suit).

Additionally, the Court finds there will be less prejudice to Defendant in light of the fact Plaintiff is not adding new claims or theories, but adding description to her alleged disability, which Defendant has had access (at least to some degree) through medical records and depositions of medical providers. While the Court does not deny Defendant may suffer from *some* prejudice, the Court does not believe it amounts to undue prejudice. The Court additionally heard arguments on Plaintiff's Motion to Quash Subpoenas where the Court heard arguments and details related to the types of medical providers and evidence that have already been deposed and discoverable. Many of these medical providers (as well as Plaintiff) testified, at least to some degree, to Plaintiff's recurrent infections, chronic fatigue, and bodily pain (Doc. 89 at 2-3).

To the extent new discovery will be needed, the Court recognizes Defendant's concern. However, such topics are similar to the questions already conducted of the medical providers. Additionally, the parties will be required to provide additional discovery plan to provide any additional time required for the parties to engage in discovery. *McDaniel v. Loyola Univ. Med.*

*Ctr.*, 317 F.R.D. 72, 78 (N.D. Ill. 2016) ("These are narrow discovery topics that should not greatly impact the progress of this case—especially given that the schedule for expert discovery recently was extended until the end of October by agreement of the parties and a trial date has not been set.").

The Court finds that freely providing leave is justified because this is Plaintiff's first time amending its complaint. The Court finds that Plaintiff has provided good cause to amend its complaint to conform to the evidence thus far.

### IV.    Conclusion

The Court hereby GRANTS Plaintiff's Motion for Leave to File Amended Complaint (Doc. 82) and ORDERS Plaintiff to file its Amended Complaint within 7 days entry of this Order. The Court ORDERS the parties to meet and confer over a scheduling and discovery order within 14 days entry of this order.


**IT IS SO ORDERED.**
**DATED:  July 15, 2022**


                                    **/s/ J. Phil Gilbert**
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**

6